## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     **Plaintiff,**

**v.**                         **No. 14CR923 WJ**

**GERALD TSO,**

     **Defendant.**

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO WITHDRAW PLEA

**THIS MATTER** comes before the Court upon Defendant's Motion to Withdraw Plea and Appoint New Counsel[1], filed August 7, 2014 (**Doc. No. 30**). Having considered the parties' briefs, the argument presented at the hearing on August 20, 2014, and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is DENIED.

### Background

In this case, Defendant has pled guilty to Aggravated Sexual Abuse in Indian Country in a plea agreement pursuant to Fed. Ri. Crim. 11(C)(1)(c). <u>See</u> (**Doc. No. 27**), filed July 24, 2014. Now, Defendant seeks to withdraw his guilty plea claiming that it was not adequately explained to him by his attorney. <u>See</u> (**Doc. No. 30**). Further, Defendant requests new counsel claiming that his Federal Public Defender did not conduct an independent investigation into the crimes, did not communicate well with his client, and essentially did not seem interested in working on Defendant's case. Additionally, defense counsel argued that if the Court conducted a hearing on the Motion to Withdraw the plea, Defendant would need new counsel because current counsel

---

[1] Because attorney client matters are privileged, the Court will file a separate, ex parte order addressing the request to appoint new counsel.

would be a witness.

### Discussion

As a preliminary matter, the Court finds that it need not conduct a hearing on the request to withdraw the plea.  "No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory."  United States v. Hernandez, 277 F. App'x 775, 777 (10th Cir. 2008) (unpublished).  In United States v. Carter, 109 F. App'x 296 (10th Cir. 2004) (unpublished), the Tenth Circuit cited the Second Circuit case of United States v. Gonzalez, 970 F.2d 1095( 2nd Cir.1992), with approval:

> A defendant is not entitled to an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea. Although the standard to be applied in granting a hearing is less rigorous than the standard for granting the motion to withdraw the plea, the defendant must present some significant questions concerning the voluntariness or general validity of the plea to justify an evidentiary hearing. No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory.

Carter, 109 F. App'x at 299 (quoting Gonzalez, 970 F.2d at 1100) (internal citations omitted).

Here, Defendant agreed to appear before a United States Magistrate Judge to enter his plea.  See (**Doc. No. 26**) (signed by Defendant and counsel). Chief United States Magistrate Judge Karen Molzen conducted a thorough questioning of Defendant prior to accepting the plea. Judge Molzen first ensured that Defendant was intellectually capable of understanding the proceedings and further determined that Defendant was not suffering some sort of medical crisis or under the influence of drugs or alcohol.  See (**Doc. No. 36**), Transcript of Plea Hearing, p. 4, l. 17- p. 5, l.15.  The transcript for the plea hearing in front of Judge Molzen reflects Defendant indicated that: 1) the terms and conditions of the plea agreement were explained to him ((**Doc. No. 36**) p. 9, ll. 16-25); 2) he was advised about the consequences of the plea agreement ((**Doc.**

**No. 36)** p. 7, l. 10- p. 9, l. 9), including the rights he was waiving as a result of pleading guilty ((**Doc. No. 36)** p. 14, l. 17- p. 15., l. 22); 3) he had sufficient time to discuss the plea with his attorney and he was satisfied with his representation. ((**Doc. No. 36)** p. 15, l. 23- p. 16, l. 23) and; 4) he was entering in the plea agreement voluntarily ((**Doc. No. 36)** p. 16, l. 24- p. 17, l.5) . <u>See also</u> (**Doc. No. 28)**, Minutes. Judge Molzen also noted that she found Defendant fully understood the plea and that the plea was freely, voluntarily, and intelligently made. <u>See id.</u> There is no indication in the record that Defendant did not understand the terms of the plea or that his attorney did not adequately explain the plea to him. Accordingly, the Court finds a hearing on the request to withdraw the plea is unnecessary.

The Court now turns to the merits of the request to withdraw the plea. Under Fed.R.Crim.P. 32(e), "[i]f a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Fed.R.Crim.P. 32(e); <u>see also</u> <u>United States v. Siedlik</u>, 231 F.3d 744, 748 (10th Cir. 2000). "The burden is on the defendant to establish a 'fair and just reason' for the withdrawal of the plea." <u>Id.</u>" Additionally, the Tenth Circuit looks to seven factors in deciding whether a defendant has met the burden of showing that the district court, in denying a motion to withdraw a plea, acted unjustly or unfairly:"(1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources." <u>Id.</u>, at 749. Here, the record indicates that the plea was knowing and voluntary, Defendant has not asserted he was actually innocent, the Government asserts it would

3

prejudiced if the plea was withdrawn having been under the impression that this matter was resolved, and setting aside the allegations in the Motion to Appoint New Counsel, it appears that Defendant was adequately represented.  Defendant has provided no evidence beyond conclusory allegations that contradict his sworn statements at the plea hearing that demonstrate a basis for allowing him to withdraw his plea.  Accordingly, Defendant's Motion to Withdraw the Plea is **DENIED**.

     **SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE